UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MI AE DECOVICH,                )
                               )   Case No. 2:14-cv-00394-RCJ-CWH
            Plaintiff,         )
                               )   **ORDER**
vs.                            )
                               )
CAROLYN W. COLVIN,             )
ACTING COMMISSIONER OF SOCIAL  )
SECURITY ADMINISTRATION,       )
                               )
            Defendant.         )
_____)

This matter is before the Court on Plaintiff's Motion/Application for Leave to Proceed *In Forma Pauperis* (#1), filed on March 17, 2014.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(e)(2). Federal courts are given the authority dismiss a case if: (1) the allegation of poverty is untrue, (2) the action is legally "frivolous or malicious," (3) the applicant fails to state a claim upon which relief may be granted, (4) the applicant seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim

upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA") denying benefits. Prior to filing suit, a plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant can request reconsideration of the decision. If the claim is denied on reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request judicial review. *See generally* 20 C.F.R. §§ 404, 416.

After exhausting administrative remedies, a claimant can obtain judicial review of the SSA decision denying benefits by filing suit within sixty (60) days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought "in the district court of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff alleges that on January 30, 2014, the Appeals Council denied a request for review, and, at that time, the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has exhausted his administrative remedies. Additionally, Plaintiff's complaint includes sufficient facts to state a claim for relief.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion/Application for Leave to Proceed *In Forma Pauperis* (#1) is **granted** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to:
   Office of the Regional Chief Counsel, Region IX
   Social Security Administration
   160 Spear St., Suite 899
   San Francisco, CA 94105-1545

5. The Clerk of the Court shall also serve the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

6. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

7. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the

1. original paper submitted for filing a certificate stating the date that a true and correct
2. copy of the document was personally served or sent by mail to the defendants or counsel
3. for the defendants.  The court may disregard any paper received by a district judge or
4. magistrate judge which has not been filed with the Clerk, and any paper received by a
5. district judge, magistrate judge or the Clerk which fails to include a certificate of service.

DATED: April 2, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**